U S BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

---

In re:  Chapter 13
FREDERICK L STEMMELER JR  Case No. 2018-29858-KMP-13
LAURIE A STEMMELER

Debtors

**MOTION TO RECONSIDER**

---

Now comes the Standing Chapter 13 Trustee, Rebecca R. Garcia and files this Motion to Reconsider the Order Approving the Stipulation between the Debtor and Real Time Resolutions, Inc. The Trustee requests that this Court reconsider the order approving the stipulation between the Debtor and Real Time Resolutions, Inc. The stipulation calls for the Debtors to make their ongoing payments to Real Time Resolutions via the Trustee as a conduit. The Trustee was not consulted on the stipulation or the negotiation before the stipulation was filed. It is normal practice in this district for the Trustee to sign off on stipulations indicating she has no objection, that practice was not followed in this case. The Trustee requests that the court reconsider its Order approving the stipulation to the extent that it requires the conduit payments. Historically, this district has not been a district that allows conduit mortgage payments, rather mortgage payments in this district have been made directly by the debtors.[1] The rules of the District are not set up to administer conduit plans.[2]

The request being made for the Trustee to administer the conduit mortgage payments is overly burdensome to the Trustee. Making the conduit mortgage payments requires the staff of the trustee to manually monitor the file to ensure the receipts from the debtor are made timely and in a sufficient amount to make a full

---

[1] The Court, Trustees and the bar created a committee that updated our local rules and plan in advance of the new national rules and plan requirements that went into effect on December 1, 2017. As the plan in this district was formulated, it was based off of Form 113, but the committee specifically deleted the references to making conduit payments in section 3.1 of Form 113 in favor of requiring payments be directly made by the Debtor.

[2] In districts that either allow or require conduit payments, there are generally at least some local rules and plan provisions that address how the conduit payments work, for example, see Local Rule 3015-1(e) for the Southern District of Ohio. https://www.ohsb.uscourts.gov/pdffiles/FINAL%20OHSB%20LBRs_2016%20(TOC%20update).pdf As well as the mandatory Chapter 13 Form plan for the Southern District of Ohio. https://www.ohsb.uscourts.gov/mandatory-chapter-13-form-plans

mortgage payment (disbursement) to the creditor. The file must also be monitored for notices of payment change, which, in this district the Trustee's office can generally ignore as they do not make the ongoing payments.

In addition, should the court deny reconsideration of this order, there are many questions raised by the minimal information in the stipulation that the Trustee requires clarification on. For example, if only a partial payment is made, should that be sent to the creditor, or should only a full monthly payment be disbursed? In what priority should payment be sent to Real Time Resolutions, should disbursements to them be made first, before payments to attorney's fees or other secured creditors, or should they be prioritized in some other manner? It is also very troubling that the stipulation calls for the first payment to be made on May 25, but the stipulation was not filed until June 4, 2019. Will the debtor be making some kind of extra payment to the Trustee so that the Trustee can "catch up" the payment to the creditor? At paragraph #9 of the stipulation, it provides that if the debtor defaults on a payment the stay is lifted the very next day. Since the Trustee has not received the mortgage payments for May, no May 25, 2019 payment has been made and the sixteen (16) day grace period is about to expire. The Trustee requires some accommodation on this payment, if she is to disburse it.

The plan has not been confirmed, and the Trustee will be separately objecting to the plan, for among other reasons that the current plan payments of $987.00 per month do not account for the mortgage payment, and Schedule J, line 5 as amended at docket #40, provides a payment of $545.00 monthly for this second mortgage.

Dated June 10, 2019                                /s/ Rebecca R. Garcia

                                                          Rebecca R. Garcia

**Rebecca R. Garcia, Chapter 13**
**P O Box 3170**
**Oshkosh, WI 54903-3170**
**920.231.2150 (Fax) 920.231.5713**
**E-mail info@ch13oshkosh.com**